UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD JONES, | } | |
| Plaintiff | } | |
| | | Civil No. |
| v. | } | |
| | } | February 23, 2018 |
| THE UNITED STATES OF AMERICA, | } | |
| Defendant | | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT

1. Plaintiff, DONALD JONES, is a citizen of Connecticut, residing at 6 Duffy Street in Stamford, Connecticut.

2. Defendant, United States of America, is duly constituted and sovereign government of the United States of America.

3. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Michael Celetto, as United States of America's joint venturer, agent, servant, employee, and/or ostensible agent.

4. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Michael Celetto as the United States Postal Service's joint

1

venturer, agent, servant, employee, and/or ostensible agent.

5. Michael Celetto at all times material to this complaint acted within the course and scope of his office and employment with defendant, Unites States of America.

6. This court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b)(1), for the reason that the plaintiff's claims accrued after January 1, 1945, and are for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

7. Venue is proper in this court pursuant to 28 U.S.C. §1391 (e) for the reason that a substantial part of the events or omissions giving rise to plaintiff's claim occurred within the judicial district, and the plaintiff resides in this judicial district.

8. Plaintiff, at all times relevant to this complaint, owned, operated, controlled, and drove a motorcycle.

9. Michael Celetto, at all times relevant to this complaint, operated, controlled, and drove a United States Post Office Truck.

10. On September 1, 2015, at approximately 2:00 p.m. the motorcycle operated by plaintiff was traveling southbound on Shippan Avenue, a public highway in Stamford, Connecticut.

11. On September 1, 2015 at approximately 2:00 p.m. the U.S. Postal Service truck operated by Michael Celetto was traveling on Park Street, a side street which forms a T intersection with the through street, Shippan Avenue.

12. The U.S. Postal Service Truck operated by Michael Celetto on Park Street made a left hand turn onto Shippan Avenue and struck plaintiff and plaintiff's motorcycle, throwing plaintiff

from his motorcycle onto the roadway and causing severe and disabling injuries.

13. At the time the U.S. Postal Service truck operated by Michael Celetto struck plaintiff and plaintiff's motorcycle, plaintiff had the right of way.

14. The above described incident was caused by the negligence and carelessness of the United States of America, in one or more of the following ways:

   a. In that Michael Celetto failed to make a reasonably safe left-hand turn in violation of *Connecticut General Statutes*, section 14-242; or

   b. In that Michael Celetto failed to bring his vehicle to a halt in obedience of a STOP sign in violation of *Connecticut General Statutes*, section 14-301; or

   c. In that Michael Celetto moved a vehicle which was stopped or standing without reasonable safety and without interfering with plaintiff's' vehicle, in violation of *Connecticut General Statutes*, section 14-243, or

   d. In that Michael Celetto was traveling unreasonably fast having regard to the width, traffic use of the highway, intersection of streets, and weather conditions, in violation of *Connecticut General Statutes*, section 14-218a; or

   e. In that Michael Celetto failed to grant the right of way by pulling out of Park Street in violation of *Connecticut General Statutes*, section 14-246(a);

   f. In that Michael Celetto failed to timely apply the brakes in order to avoid the said collision; or

   g. In that Michael Celetto was inattentive and failed to maintain a proper lookout for other vehicles upon the roadway and pay attention to where he was going before pulling out; or

   h. In that Michael Celetto was distracted, and as a result of his distraction, smashed right into the path of plaintiff's motorcycle, causing plaintiff to be thrown from his vehicle.

15. As a direct and proximate result of the said carelessness and negligence, plaintiff sustained serious permanent and disabling personal injuries, including, but not limited to,

   a. fractures of left tibia;

   b. proximal medial corner avulsion fracture, left;

c.  comminuted fracture of left fibula;

d.  avulsion fracture of the hallux, left;

e.  comminuted fracture of the calcaneus, left;

f.  left great toe proximal phalanx fracture;

g.  left medial thigh laceration with exposed muscle 3 centimeters;

h.  soft tissue damage to the left knee, edema of the left foot, ankle, and leg without deep vein thrombosis;

i   frontal scalp laceration above right eye with exposed muscle 6 centimeters;

j.  head trauma with concussion of the brain;

k.  bleeding from the left ear;

l.  right elbow laceration 2 centimeters;

m.  additional lacerations, and abrasions, and contusions about the body;

n.  maceration of the skin; and

o.  a severe shock to his nervous system;

the full extent of which injuries are not yet known, some or all of which are or may be permanent in nature.

16.  As a direct and proximate result of the said carelessness and negligence, plaintiff has undergone and will undergo in the future medical surgeries, procedures, therapies, and tests, and plaintiff suffered in the past and will continue to suffer in the future aches, pains, mental anguish, humiliation, disfigurement, physical pain, emotional distress, inconvenience, limitations and restrictions of his usual activities, and loss of well being that have prevented him in the past and will prevent him in the future from engaging in his usual activities, pursuits, and

avocations, with consequent loss of the pleasures and enjoyments of life.

17. As a direct and proximate result of the said carelessness and negligence, plaintiff has been required in the past and may be required in the future to expend various and diverse sums of money and incur monetary obligations for medical treatment and care, including surgeries, hospitalizations, medicines, physical therapy, rehabilitation care, therapies, medical-assistive devices, and treatments.

18. As a direct and proximate result of the said negligence and carelessness, plaintiff has been disabled in the past and will continue to be disabled in the future with a consequent loss of earnings capacity.

19. As a direct and proximate result of the said carelessness and negligence, plaintiff sustained damage to his property, including, but not limited to and the loss of his motorcycle.

20. Defendant, the United States of America, is liable for personal injury caused by the negligent or wrongful acts and omissions of Michael Celetto, as a deemed employee of the federal government while acting within the scope of their office or employment pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et. seq., to extent the Federal Tort Claims Act constitutes a waiver by defendant United States of America of the federal government's immunity from liability in tort.

21. Plaintiff timely filed in good faith a Standard Form 95 with the Tort Claims Coordinator, U.S. Postal Service, 141 Weston Street, Room 216, Hartford, CT 06101 setting forth administrative tort claims directed at defendant United States of America with required attachments. Plaintiff's Standard Form 95, without exhibits, is attached to this complaint as Exhibit A and incorporated by reference.

22.     As of this date, which is in excess of six months past the filing of the said claim, plaintiff's tort claim is deemed denied. Notice of the receipt of claim is attached hereto as Exhibit B and incorporated by reference,

23.     Plaintiff's action against defendant, United States of America, has been timely filed in the United States District Court, District of Connecticut.

WHEREFORE, plaintiff claims of defendant, United States of America, damages in the amount of One Million Seven Hundred Fifty Two Thousand Nine Hundred ($1,752,900.00) Dollars.

                                      THE PLAINTIFF

By: _____
Daniel A. Benjamin, Esq. (CT 07512)
Benjamin, Gold & Troyb, P.C.
350 Bedford Street, Suite 403
Stamford, Connecticut 06901
Phone: 203-425-8500
Email: dan@bgtlawfirm.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD JONES,<br>   Plaintiff | }<br>}<br>} Civil No. |
| v. | }<br>} |
| | } February 23, 2018 |
| THE UNITED STATES OF AMERICA,<br>   Defendant | }<br>} |

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: February 23, 2018

THE PLAINTIFF

By: _____
Daniel A. Benjamin, Esq. (CT 07512)
Benjamin, Gold & Troyb, P.C.
350 Bedford Street, Suite 403
Stamford, Connecticut 06901
Phone: 203-425-8500
Email: dan@bgtlawfirm.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Postal Service | Donald Jones  /  Attorney Daniel Benjamin  <br> 6 Duffy Street  /  Benjamin, Gold & Troyb, P.C. <br> Stamford, CT 06902  /  350 Bedford Street, Suite 403 <br> Represented by:  Stamford, CT 06901 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/02/1977 | Single | 09/01/2015   Tuesday | 2:08 PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see attached statement for Basis of Claim and supplemental exhibits submitted together with this claim.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

2005 Kawasaki ZX636 Lost value of $2900. The motorcycle was valued at $4400 prior to the accident and sold as is for $1500.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injuries include: Left grade I open tibia and fibula fracture and a lateral tibial plateau fracture, multiple contusions, abrasions and lacerations to forehead and left leg requiring sutures. Broken bones in both feet and to several toes. The injuries required multiple surgeries, follow-up treatment and extended rehabilitation and physical and occupational therapy.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Chris Liaraldi | work address: Cafe Silvium, 371 Shippan Ave, Stamford, CT 06902 |
| Cynthia Ramirez | work address: Bagel Lox, 351 Shippan Ave, Stamford, CT 06902 |
| Burim Isaku | work address: Bagel Lox, 351 Shippan Ave, Stamford, CT 06902 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 2,900.00 | 1,750,000 | | 1,752,900 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] Attorney for Donald Jones | 203-425-8500 | 07/26/2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction  
Previous Edition is not Usable  
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)  
PRESCRIBED BY DEPT. OF JUSTICE  
28 CFR 14.2

**EXHIBIT A**

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance?  [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  [ ] No

Geico Indemnity Company, Buffalo/New Jersey Claim, PO Box 9515, Fredericksburg. VA 22403-9515
Policy Number 4100647900

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   [ ] Yes   [X] No         17. If deductible, state amount.

I only had liability, no collision coverage or medical payments benefits for my vehicle.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?   [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   [X] No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

On September 1, 2015, at approximately 2:08 pm, Donald Jones was operating a motorcycle, driving South on Shippan Avenue in Stamford, CT. The roads were clear and dry and it was daylight. A USPS Mail Truck, VIN 1GBC510A7P2907899, struck Mr. Jones when the operator, Michael Celetto, carelessly and negligently made an improper left turn from Park Street, onto Shippan Avenue, by not coming to a complete stop at the stop sign on Park Street, and by not yielding to Mr. Jones and allowing him to pass, before entering Shippan Avenue. Mr. Celetto was operating the mail truck in the normal course of his duties. Mr. Jones was not exceeding the speed limit. Further, Mr. Jones had the right-of-way on Shippan Avenue as he was traveling straight South.

Mr. Celetto, driving the USPS mail truck, should have yielded to Mr. Jones and should not have turned onto Shippan Avenue until after Mr. Jones had passed Park Street. It is clear that Mr. Celetto did not come to a complete stop at the intersection, which was controlled by a stop sign for Mr. Celetto. Mr. Celetto did not make a proper watch of the intersection and continued to make a turn onto Shippan Avenue, despite Mr. Jones' approach towards the intersection. However, Mr. Celetto did not merely turn left onto Shippan Avenue. He turned and then instead of heading straight South, he moved to the right-hand side of the road to stop his mail truck, presumably, to make a mail delivery.

The collision and resulting injuries were caused by the negligence and carelessness of Mr. Celetto in one or more of the following respects:

a. In that he failed to make a reasonably safe left-hand turn in violation of *Connecticut General Statutes*, section 14-242; or
b. In that he failed to bring his vehicle to a halt in obedience of a STOP sign in violation of *Connecticut General Statutes*, section 14-301; or
c. In that he moved a vehicle which was stopped or standing without reasonable safety and without interfering with Mr. Jones' vehicle, in violation of *Connecticut General Statutes*, section 14-243, or
d. In that he was traveling unreasonably fast having regard to the width, traffic use of the highway, intersection of streets, and weather conditions, in violation of *Connecticut General Statutes*, section 14-218a; or
e. In that he failed to grant the right of way by pulling out of Park Street in violation of *Connecticut General Statutes*, section 14-246(a);
f. In that he failed to timely apply the brakes in order to avoid the said collision; or
g. In that he was inattentive and failed to maintain a proper lookout for other vehicles upon the roadway and pay attention to where he was going before pulling out; or
h. In that he was distracted, and as a result of his distraction, smashed right into the path of Mr. Jones' motorcycle, causing him to be thrown from his vehicle.

When Mr. Jones saw the mail-truck enter the roadway in front of him, he tried to maneuver his vehicle around the truck to the right, since he had no other maneuvering room and couldn't head into opposing traffic. However, the mail truck continued to veer towards the right, and thus collided with Mr. Jones. His motorcycle was hit and pushed and Mr. Jones was thrown from the motorcycle and flew through the air where he collided with a utility pole.

Mr. Jones was an experienced motorcycle operator, and was within Connecticut law to not wear a helmet. Although Mr. Jones' head did impact the pole and he received a very large injury to his forehead requiring multiple sutures and which has left a significant visible scar and bump, the most significant damage from the collision was to Mr. Jones' lower extremities. Mr. Jones' left leg was severely damaged. His left leg was left with compound and comminuted fractures, classified as a grade I open tibia and fibula fracture and a lateral tibial plateau fracture. In addition, Mr. Jones had breaks in both of his feet and to several toes. He also received severe abrasions on both his arms and legs and both his ankles were severely sprained.

At the time of the accident, Mr. Jones was thirty-eight years old. At the time of the accident, Mr. Jones could have expected to live, on average, another forty years.

Mr. Jones is left with multiple scars all over his body. His face has a large visible scar and bump on the left side of his forehead. The abrasions he received on his arms, hands and knees left scaring there as well. He has visible scars on the underside of his left arm and on the backs of both his hands, as well as on his knees. His left leg has multiple scars, from the bones which protruded through the skin, from the incisions where rods were placed during surgery to repair the fractures, and abrasions.

Mr. Jones spent ten days in the hospital, where he had limited access to his family. His then twelve-year-old son came to visit, but it was extremely upsetting to him to see his father in such pain. Mr. Jones' mother has medical issues and had limited ability to come back and forth to the hospital, so he spent much of his time without the company of his family.

After his stay in the hospital was done, he was transferred immediately to a rehabilitation facility, where he stayed for twenty days. As a result, he was not home for almost one full month after the accident.

Following his discharge from the rehabilitation facility, he was not able to have any weight-bearing activity for six to eight months. Mr. Jones' bedroom is on the second story of the two-story house he shares with his mother. He was unable to go up and down the stairs, and he barely left his bedroom. If his mother wasn't at home, or someone didn't bring him food to eat, he went hungry until food could be brought up to him.

It was one full year before Mr. Jones could walk steadily. The injuries sustained in the accident have had a far-reaching negative effect on Mr. Jones and his quality of life. He can tell when the weather is changing and at those times can feel every broken bone and sprain he suffered.

Mr. Jones can no longer kneel down except for very brief periods, making yard work painful if not impossible. He has just started to mow his lawn again, but it takes him longer and hurts, but he knows that it must be done. This past winter, it was necessary to shovel the walk and part of the driveway several times. He did what he could, but it wasn't easy for him and it caused him great pain.

Mr. Jones used to be able to walk for an hour without tiring, now he tires after 15 minutes of simple walking. He is especially limited in how he interacts with his son. He used to be able to toss a baseball, or a football with his son, or play a little basketball. Those things are impossible

for him now, because he is too unsteady on his feet. He used to take his son fishing in the woods, something Mr. Jones himself had been doing since his own childhood, but he can no longer do that. A walk through the woods on uneven ground is too difficult and dangerous to him. It continues to hurt him simply to put his shoes on.

At the time of the accident Mr. Jones had been previously diagnosed with a medical condition called avascular necrosis. In this condition, blood flow to certain bones is restricted, causing the bone to weaken and causing pain. Prior to the accident, Mr. Jones had undergone a procedure to replace his right hip. He took medication daily which kept his pain under control. Despite that, he was ultimately a happy man who had a positive outlook on life.

As a result of the accident, Mr. Jones is in constant pain. He lives a very different life now. He asks himself about everything he does: do I have to, will it hurt, is it safe? He also has a significant phobia about USPS mail trucks. He doesn't like to see them.

In short, Mr. Jones used to have a relatively normal life, in which he could take long walks, play ball with his son, go fishing on occasion, shovel the walk without pain in the winter and mow his lawn in the summer. Although he had a medical condition, it was being monitored and under the care of his physicians, and it was under control. None of the things he used to do for fun activities are possible now, or if they are, they cause him severe pain and can only be done for a very limited period of time. His pain is near constant and he must take pain medication constantly. His medical condition has been exacerbated and his physical deterioration has been accelerated.

The exhibits submitted, herewith, are incorporated into this claim as if fully set forth herein.

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

September 7, 2017

Mr. Daniel Benjamin
Benjamin, Gold & Troyb, P.C.
350 Bedford Street, Suite 403
Stamford, CT 06901

Re:    Your Client:       Donald Jones
       Date of Incident:   September 1, 2015

Dear Mr. Benjamin:

Please be advised that the administrative claim filed on behalf of Donald Jones with the United States Postal Service on August 2, 2017 has been assigned to my office for adjudication.

I am currently in the process of reviewing this claim in order to make the determination as to any legal liability on the part of the Postal Service for the injuries sustained by your client. This claim will be adjudicated as soon as possible, but be aware that the Postal Service has six months from August 2, 2017 in which to adjudicate this claim. Should you have any additional information you wish to submit that would be helpful in the review of this matter, please forward same to my attention at the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

*M. Kevin Coffey*

M. Kevin Coffey
Attorney
212-330-5423

cc:    Jacqueline Slay
      Tort Claim Coordinator
      File No.: 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A

**EXHIBIT B**